UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WFTV, INC.,

    Plaintiff,

v.                                  CASE NO: 6:11-cv-1923-Orl-28KRS

MAVERIK PRODUCTION LIMITED
LIABILITY COMPANY, and JONATHAN
ALDRIDGE,

    Defendants.
_____/

**PLAINTIFF'S NOTICE OF FILING PROPOSED ORDER
GRANTING DEFAULT FINAL JUDGMENT**

In connection with Plaintiff's Renewed Motion for Default Final Judgment [D.E. 30], and pursuant to the March 13, 2013, hearing in this matter, Plaintiff, WFTV, Inc., files the attached Proposed Order Granting Default Final Judgment.

                                          Respectfully submitted,

                                          THOMAS & LOCICERO PL

                                          /s/ James B. Lake
                                          James J. McGuire
                                            Florida Bar No. 0187798
                                         James B. Lake
                                            Florida Bar No. 0023477
                                         Deanna K. Shullman
                                           Florida Bar No. 514462
                                         601 South Boulevard
                                         Tampa, Florida 33606
                                         (813) 984-3060
                                         Fax: (813) 984-3070

                                         Attorneys for WFTV, Inc.

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent on March 20, 2013, via e-mail to jonathan@maverikproductions.com and jaldridge2@gmail.com and via regular U.S. Mail to Mr. Jonathan Aldridge, 2213 Grand Cayman Court, Suite 1131, Kissimmee, Florida 34741; Mr. Jonathan Aldridge, 1615 Columbia Arms Circle, #150, Kissimmee, Florida 34741; and Mr. Jonathan Aldridge, Post Office Box 770135, Orlando, Florida 32877.

/s/ James B. Lake
Attorney

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WFTV, INC.,

      Plaintiff,

v.                                  CASE NO: 6:11-cv-1923-Orl-28KRS

MAVERIK PRODUCTION LIMITED
LIABILITY COMPANY, and JONATHAN
ALDRIDGE,

      Defendants.
_____/

## DEFAULT FINAL JUDGMENT

THIS CAUSE is before the Court upon Plaintiff's Renewed Motion for Default Final Judgment [D.E.30], filed on January 23, 2013. The Court heard oral argument on the Motion on March 13, 2013. Neither the Defendants, nor their counsel, appeared at the hearing. The Court has carefully considered the Motion, is otherwise fully advised, and finds as follows:

Plaintiff, WFTV, Inc. ("WFTV") properly obtained a Clerk's default in this action against each Defendant on July 20, 2012, after Defendants failed to plead or otherwise respond to the Amended Complaint in this action. [D.E. 19, 20] Accordingly, the well-plead allegations of WFTV's Amended Complaint are accepted as true and deemed admitted. Buchanan v. Bowman, 820 F.2d 359 (11th Cir. 1987); Petmed Express, Inc. v. Medpets.com, 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004).

The Court finds that the Amended Complaint's well-plead allegations establish that WFTV owns the federally registered trademarks INSIDE CENTRAL FLORIDA® and ICFLORIDA.COM® and the common law mark IC FLORIDA (collectively the "IC Florida Marks"). The well-pleaded allegations further establish that Defendants have willfully infringed

WFTV's federally registered INSIDE CENTRAL FLORIDA® mark (15 U.S.C. §§ 1114-1118) and have intentionally engaged in conduct that constitutes false designation of origin in violation of 15 U.S.C. § 1125(a). The Court further finds that the well-pleaded allegations establish that Defendants have engaged in deceptive and unfair trade practices, and that Defendant Aldridge committed cybersquatting in violation of 15 U.S.C. § 1125(d).

WFTV having established an entitlement to the relief set forth in its Amended Complaint, the Court further finds that WFTV is entitled to an injunction against future infringing conduct by either or both Defendants. Tally-Ho, Inc. v. Coast Comm. Coll. Dist., 889 F.2d 1018, 1029 (11th Cir. 1989). See also Pepsico, Inc. v. Distribuidora La Matagalpa, Inc., 510 F. Supp. 2d 1110, 1116 (S.D. Fla. 2007) ("Because its trademark rights have been infringed, PepsiCo undeniably would be prejudiced absent the entry of permanent injunctive relief"). The Court further finds that WFTV has demonstrated a lack of an adequate legal remedy and the presence of irreparable harm.

WFTV has elected statutory damages for cybersquatting. At a plaintiff's election, a court may award between $1,000 and $100,000 per domain name. 15 U.S.C. § 1117(d). Statutory damages are especially favored in default cases because the defendant's failure to participate in litigation effectively denies to plaintiff the opportunity to take discovery concerning the extent of the infringement and Defendants' profits. See Rolex Watch U.S.A., Inc. v. Lizaso-Rodriguez, 1:11-CV-23986-PAS, 2012 WL 1189768, at *4 (S.D. Fla. 2012) ("Since Defendant has refused to participate in this litigation, Plaintiff has been deprived of the ability to obtain discovery from him."); Petmed Express, 336 F. Supp. 2d at 1220 (recognizing difficulty of proving actual damages, particularly "in default judgment cases due to infringer nondisclosure"). Here, Defendants' default has prevented WFTVs from learning the true extent of the infringement or

assessing Defendants' profits.

In this case, WFTV seeks statutory damages in the amount of $20,000, which is an amount of statutory damages well within the Court's discretion, given the well-pleaded facts. See, e.g., PetMed Express, 336 F. Supp. 2d at 1221-22 (awarding $50,000 per domain name, for a total of $100,000); B & F Sys., Inc. v. LeBlanc, 7:07-CV-192 HL, 2012 WL 2529191, at *7 (M.D. Ga. 2012) (awarding $90,000 for each of two infringing domain names, for a total of $180,000); Rib City Group, Inc. v. RCC Rest. Corp., 2:09-CV-827-FTM-29, 2010 WL 4739493, at *2 (M.D. Fla. 2010) (awarding statutory damages of $100,000 for single infringing domain).

WFTV also has requested award of attorneys' fees and costs incurred in prosecuting this action. The Court finds that this is an exceptional case, entitling WFTV to recover its reasonable attorneys' fees. The Court also finds, upon review of the billing records of the attorneys and the hourly rates customary to the intellectual property field in Central Florida, that the attorneys' fees requested by WFTV are reasonable.

**ACCORDINGLY**, it is hereby **ORDERED AND ADJUDGED** that WFTV's Renewed Motion for Default Final Judgment is GRANTED. Default Final Judgment is hereby entered in favor of Plaintiff, WFTV, Inc., and against Defendants, Maverik Production Limited Liability Company and Jonathan Aldridge, individually, jointly and severally, as follows:

(1) Permanent Injunctive Relief: Defendants and their officers, agents, servants, employees, successors, licensees attorneys, and assigns and all persons acting in concert and participation with each or any one of them are hereby permanently restrained and enjoined from and ordered to cease and desist:

    a. Using the name "Inside Central Florida Show," the domain name insidecentralfloridashow.com, or any other name or mark that is confusingly

similar to an IC Florida Mark, whether alone or in combination with other words, as a service mark, trademark, trade name, component or otherwise, to market, promote advertise or identify Defendants' program or any other goods or services, or otherwise infringing an IC Florida Mark;

b. Holding themselves out as the owner of, or a company authorized to use, as part of its name, any IC Florida Mark, or a name confusingly similar thereto as a trademark, service mark, or trade name;

c. Purchasing, selling, or using any form of advertising, including keywords or Adwords in Internet advertising, containing any mark that incorporates, imitates, or is confusingly similar to an IC Florida Mark;

d. Making representations, directly or indirectly, to anyone, anywhere, by any means, including but not limited to unauthorized co-branding, that Defendants are related to, associated or affiliated with, or sponsored, endorsed, or approved by Plaintiff.

e. Using any words, names, styles, titles or marks that create a likelihood of confusion with an IC Florida Mark,;

f. Registering or otherwise using the domain name insidecentralfloridashow.com or any other domain name that is confusingly similar to an IC Florida Mark; and

g. In any manner depicting, uttering or imitating an IC Florida Mark for the purpose of misappropriating the trade and goodwill of Plaintiff by association, imitation, fraud, mistake or deception.

(2) Destruction of Infringing Materials and transfer of insidecentrafloridashow.com:

4

Within five (5) business days of the date of this Order, Defendants shall recall and deliver up and destroy, at their expense, all videos, stationery, business forms, signs, advertisements, brochures, promotional materials and other written materials bearing the infringing name or any name or mark confusingly similar to any IC Florida Mark, and Defendant Aldridge and his domain registrar, Network Solutions, Inc., or any other registrar acting on his behalf, shall transfer the insidecentralfloridashow.com domain to WFTV, pursuant to 15 U.S.C. §§ 1118 and 1125(d)(1)(C).

(3) The Court grants WFTV monetary relief as follows:

  a. Statutory damages of $20,000 against Aldridge, pursuant to 15 U.S.C. § 1117(d);

  b. reasonable attorneys' fees of $19,358.75 against both Defendants, jointly and severally, pursuant to 15 U.S.C. § 1117(a); and

  c. costs of $1,407.50 against both Defendants, jointly and severally, pursuant to 15 U.S.C. § 1117(a).

Accordingly, the Court enters a judgment in favor of WFTV and against Jonathan Aldridge, individually, in the total amount of $20,000, for which sum let execution issue. The Court also enters a judgment in favor of WFTV for its fees and costs and against Maverik Production Limited Liability Company and Jonathan Aldridge, individually, jointly and severally, in the total amount of $20,766.07, for which sum let execution issue. These sums shall bear interest at the legal rate contained in 28 U.S.C. § 1961.

(4) The Clerk is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Orange County, Florida, this ____

5

day of _____, 2013.

_____
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel and unrepresented parties of record