**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**WFTV, INC.,**

           **Plaintiff,**

**-vs-**                                  **Case No. 6:11-cv-1923-Orl-28KRS**

**MAVERIK PRODUCTION LIMITED**
**LIABILITY COMPANY, JONATHAN**
**ALDRIDGE,**

           **Defendants.**

## ORDER

This case is before the Court on Plaintiff's Renewed Motion for Default Judgment (Doc. No. 30) filed January 23, 2013. The United States Magistrate Judge has submitted a report recommending that the motion be granted in part and denied in part.

After an independent *de novo* review of the record in this matter, and consideration of the Objection filed by Defendant Jonathan Aldridge (Doc. 41),[1] the Objection is overruled.

---

[1] The response time to the Report and Recommendation ("R&R") expired on May 6, 2013. Before the R&R was entered however, Defendant Aldridge had filed a Notice of Change of Address which the Court interpreted as a motion to receive filings via email. (Doc. 36). On June 3, 2013, Defendant Aldridge was granted permission to receive filings via email and granted an additional 14 days to file any objections to the R&R. (Doc. 39). On June 17, 2013, Defendant Aldridge filed his Objection (Doc. 41), as well as a purported "Emergency" motion (Doc. 40) and a Motion for Extension of Time to Respond to the R&R (Doc. 42). Default was entered against Defendant Aldridge on July 20, 2012. (Doc. 19). On October 3, 2012, Defendant Aldridge filed an "Emergency" motion (Doc. 24) asking the Court to set aside the default and give him 180 days to hire an attorney to represent him in this litigation. That emergency motion was denied on October 15, 2012 (Doc. 27), the order stating Defendant's motion was insufficient to establish good cause to set aside the default. The matters set forth in the newest "Emergency" motion are the same as asserted in the first "Emergency" motion and remain insufficient to establish good cause to set aside the default. Further, the Court does not consider either "Emergency" motion filed by Defendant Aldridge

The Court agrees with the findings of fact and conclusions of law in the Report and Recommendation ("R&R").

Therefore, it is **ORDERED** as follows:

1. That the Report and Recommendation filed April 19, 2013 (Doc. No. 38) is **ADOPTED** and **CONFIRMED** in all respects.

2. Plaintiff's Renewed Motion for Default Judgment (Doc. No. 30) is **GRANTED in part** and **DENIED in part.**

3. "Defendant's Emergency Motion Defendants Response" (Doc. 40) is **DENIED**.

4. Defendant's Motion for an Extension of Time (Doc. 42) is **DENIED**.

5. The Court finds Maverik Production Limited Liability Company and Jonathan Aldridge liable for violations of 15 U.S.C. § 1114(1)(a) as alleged in Count I of Plaintiff's Amended Complaint.

6. The Court finds Maverik Production Limited Liability Company and Jonathan Aldridge liable for violations of 15 U.S.C. § 1125(a) as alleged in Count II of Plaintiff's Amended Complaint, but only insofar as Count II refers to WFTV's Federally Registered Marks.

---

to be emergencies. Defendant Aldridge is admonished that the unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions against him. Finally, no further extensions shall be granted as to the R&R addressing the Motion for Default Judgment. The Magistrate Judge held a hearing on the Motion for Default Judgment on March 13, 2013, which Defendant chose not to attend. (R&R, Doc. 38 at 3). And, in addition to be granted additional time to object to the R&R as set forth above, Defendant Aldridge's response to the Motion for Default Judgment, although filed well over a month after it was due, was considered by the Magistrate Judge in her R&R. (Id. at 3-4).

7.  The Court finds Jonathan Aldridge liable for violations of 15 U.S.C. § 1125(d), as alleged in Count III of Plaintiff's Amended Complaint.

8.  The Court finds Maverik Production Limited Liability Company and Jonathan Aldridge liable for common law trademark infringement of Plaintiff's Federally Registered Marks, as alleged in Count IV of Plaintiff's Amended Complaint.

9.  The Court finds Maverik Production Limited Liability Company and Jonathan Aldridge liable for violations of Florida Statutes § 501.24 as alleged in Count V of Plaintiff's Amended Complaint, but only insofar as Count V refers to WFTV's Federally Registered Marks.

10.  The Court assesses statutory damages of $20,000.00 against Jonathan Aldridge.

11.  The Court assesses attorneys' fees of $18,974.65 against Maverik Production Limited Liability Company and Jonathan Aldridge, jointly and severally.

12.  The Court assesses costs of $1,170.50 against Maverik Production Limited Liability Company and Jonathan Aldridge, jointly and severally.

13.  Defendants, Maverik Production Limited Liability Company and Jonathan Aldridge, shall, within five (5) business days of service on them of this Order, recall and deliver up and destroy, at their expense, all videos, stationery, business forms, signs, advertisements, brochures, promotional materials and other written materials bearing the name "Inside Central Florida Show," the domain name www.insidecentralfloridashow.com, or any name or mark confusingly similar to INSIDE CENTRAL FLORIDA® or ICFLORIDA.COM®.

14. Defendants, Maverik Production Limited Liability Company and Jonathan Aldridge, shall, within five (5) days of service on them of this Order, along with their domain registrar, Network Solutions, Inc., transfer the [www.insidecentralfloridashow.com](www.insidecentralfloridashow.com) domain name to Plaintiff WFTV.

15. Defendants Maverik Production Limited Liability Company and Jonathan Aldridge, are permanently enjoined as follows:

> A. Defendants and their officers, agents, servants, employees, successors, licensees, attorneys, and assigns and all persons acting in concert and participation with each or any one of them are hereby permanently restrained and enjoined from and ordered to cease and desist:
>
> i. Using the name "Inside Central Florida Show," the domain name insidecentralfloridashow.com, or any other name or mark that is confusingly similar to INSIDE CENTRAL FLORIDA or ICFLORIDA.COM, whether alone or in combination with other words, as a service mark, trademark, trade name, component or otherwise, to market, promote advertise or identify Defendants' program or any other goods or services, or otherwise infringing INSIDE CENTRAL FLORIDA or ICFLORIDA.COM.
>
> ii. Holding themselves out as the owner of, or a company authorized to use, as part of its name, either INSIDE CENTRAL FLORIDA or ICFLORIDA.COM, or a name confusingly similar thereto as a trademark, service mark, or trade name.
>
> iii. Performing any actions or using any words, names, styles, titles, or marks that are likely to cause confusion, to cause mistake or to deceive, or to otherwise mislead the trade or public into believing that WFTV and Defendants are one and the same or are in some way connected; or that WFTV sponsors Defendants' programs; or that Defendants are in some manner affiliated or associated with or under supervision or control of WFTV; or that Defendants' program or services originate with WFTV or are conducted or offered with the approval, consent or authorization, or under the supervision of WFTV; or are likely in any way to lead the public to associate Defendants with WFTV;
>
> iv. Using any words, names, styles, titles, or marks that create a likelihood of injury to the business reputation of WFTV, or a likelihood of

confusion with INSIDE CENTRAL FLORIDA or ICFLORIDA.COM, or the goodwill associated with either of them;

v. Purchasing, selling, or using any form of advertising, including keywords or Adwords in Internet advertising, containing any mark that incorporates, imitates, or is confusingly similar to INSIDE CENTRAL FLORIDA or ICFLORIDA.COM;

vi. Registering or otherwise using the domain name insidecentralfloridashow.com or any other domain name that is confusingly similar ro INSIDE CENTRAL FLORIDA or ICFLORIDA.COM; and

vii. Using any trade practices whatsoever, including those complained of herein, that tend to unfairly compete with or injure WFTV's business and the goodwill attached thereto.

16. The Clerk of the Court is directed to enter judgment in favor of WFTV and against 1) Jonathan Aldridge individually, in the amount of $20,000.00, for which sum let execution issue; and against 2) Maverik Production Limited Liability Company and Jonathan Aldridge, jointly and severally, in the total amount of $20,145.15, for which sum let execution issue. These sums shall bear interest at the legal rate contained in 28 U.S.C. § 1961.

17. The Clerk of the Court is directed to close this file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 18th day of June, 2013.

JOHN ANTOON II
United States District Judge

Copies furnished to:

United States Magistrate Judge
Counsel of Record
Unrepresented Party